IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY OLIVER,  )   <br>  )   <br>  )   <br>**Plaintiff,**  )   <br>  )   <br>v.  )   <br>  )   <br>NAVY FEDERAL FINANCIAL  )   <br>GROUP LLC, *et al.*,  )   <br>  )   <br>  )   <br>**Defendants.**  )   <br>  ) | CIVIL ACTION NO. 5:22-cv-38 (MTT) |

### ORDER

The Court previously granted Defendant Experian Information Solutions, Inc. and Plaintiff Anthony Oliver's "Joint Stipulation for Extension" (Doc. 32) and allowed Experian additional time to answer or otherwise defend this action.  Doc. 33.  In that order, the Court also directed Experian to file Oliver's May 13, 2022, email which consented to the extension by June 3, 2022.  *Id.*  Experian now contends Oliver asked counsel for Experian not to file that email, stating: "[y]ou can s/ sign my name on the pleading but please DO NOT attach copies of this email."  Doc. 38 ¶ 3.  Consistent with Oliver's wishes, Experian filed a motion to seal "in order to protect Plaintiff's privacy and comply with the Court's order."  *Id.* ¶ 4.

Experian's motion to seal, though understandable, is without merit.  The public enjoys a qualified common law right of access to judicial proceedings.  *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). The right applies to all materials submitted "in connection with a substantive motion."

*Id.* at 1312-13.  The Court must balance the interest of the parties and the public and may consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

Outside of "privacy concerns," Experian does not provide any reason why the May 13, 2022, email referenced in the parties' "Joint Stipulation for Extension" (Doc. 32) should be filed under seal.  *See* Doc. 38.  Accordingly, Experian's motion to seal (Doc. 38) is **DENIED**.  Experian shall file Oliver's email by June 3, 2022, as previously ordered by the Court.

**SO ORDERED**, this 31st day of May, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
