IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-38 (MTT) |
| | ) |
| NAVY FEDERAL FINANCIAL GROUP LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Pro se Plaintiff Anthony Oliver is incarcerated yet continues to litigate this case with remarkable vigor. Doc. 3 ¶ 55; *see also Oliver v. Jefferson Capital Sys. LLC*, No. 5:22-cv-132-MTT, Doc. 8 at 1 (M.D. Ga. May 17, 2022) ("Plaintiff is under a criminal commitment for Aggravated Stalking."). Perhaps that is because he is receiving the assistance of a "John Anderson" and "Richard S. Thompson." Doc. 44-3. Under 28 U.S.C. § 1654, only lawyers and parties are permitted to manage and conduct cases. Thus, § 1654 "only allows for two types of representation: that by an attorney admitted to the practice of law … and that by a person representing himself." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (quoting *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975)); *see also Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38-39 (D. Mass. 2001) ("Under well settled law, an individual who is not an attorney admitted to practice before [the] court is not authorized to submit pleadings … or in any other manner appear on behalf of another person or entity.") (citations omitted). Moving

forward, the Court will only accept written filings signed by Oliver himself.  Such filings must be hand signed by Oliver, and the postmark must demonstrate that those filings were mailed from Oliver's present place of incarceration.[1]

Several notices of dismissal were recently filed in this case—the Court accepts as true that those dismissals were in fact signed by Oliver.  Docs. 41; 42; 43.  A plaintiff may dismiss a complaint, without order of the court, "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R .Civ. P. 41(a)(1)(A)(i).  Thus, Oliver may dismiss Navy Federal and Experian as a matter of right and those defendants are hereby terminated from this action.[2]  Oliver cannot, however, unilaterally dismiss TransUnion because TransUnion filed an answer.  Doc. 12; *see* Fed. R. Civ. P. 41(a)(1)(A)(ii).  Accordingly, TransUnion remains in this case along with Capital One and First Premier Bank.[3]

In connection with Oliver's notices of dismissal, Oliver purportedly emailed Experian's counsel and consented to an extension of time for Experian to file an answer or otherwise respond to Oliver's complaint.  Doc. 32 ¶ 5.  Citing Oliver's email, Experian moved for an extension.  Doc. 32.  The Court granted that extension, but also ordered Experian to file Oliver's email with the Court.  Doc. 33.  In that email, Oliver writes "[y]ou can s/ sign my name on the pleading but please DO NOT attach copies of this email."

---

[1] "Several federal courts have held that the Rule 11 signature requirement is not satisfied when a nonlawyer signs a paper on behalf of an unrepresented party—the paper either must be signed by the party or by a lawyer." *Branch Banking & Tr. Co. v. Adesida*, 2011 WL 13319311, at *1 (N.D. Ga. Aug. 15, 2011) (citing Wright & Miller, 5A Fed. Pract. & Proc. § 1333 & n.15 (3d ed.), *report and recommendation adopted*, 2011 WL 13319325 (N.D. Ga. Sept. 7, 2011).

[2] As such, Navy Federal's motion to dismiss (Doc. 37) is **DENIED** as moot.

[3] Oliver filed a motion for service on First Premier on April 28, 2022 (Doc. 35), but subsequently submitted proof that service was effected on May 18, 2022.  Doc. 34.  Accordingly, Oliver's motion for service (Doc. 35) is **DENIED** as moot.

Doc. 46-2.  Read in full, the reason for that request is apparent.  Oliver—who is presently incarcerated—purportedly sent two emails from anthony.oliver222201@gmail.com.  The first, sent on Thursday May 12, 2022, at 3:57 p.m. asks Experian's counsel about the status of settlement negotiations.  *Id.* at 2.  The second, sent on Friday May 13, 2022, at 7:28 p.m. consents to the extension, but also notes "if a MTD is filed, then a dismissal will be filed."  *Id.* at 1.  Both emails, signed by "Anthony," raise the obvious question of how an inmate in the custody of the Georgia Department of Corrections ("GDC") has access to the internet and an email account.

Accordingly, Oliver is hereby **ORDERED TO SHOW CAUSE by June 29, 2022,** why this case should not be dismissed with prejudice as a sanction for deception and abuse of the judicial system.[4]  As part of his response, Oliver should include internet access logs from the GDC or other evidence that authenticates the emails sent from anthony.oliver222201@gmail.com were actually sent by Anthony Oliver—the plaintiff in this case.  Oliver shall also explain who "John Anderson" and "Richard S. Thompson" are and why he thought it proper for those non-parties to act on his behalf.  Oliver's response shall include the current contact information for "John Anderson" and "Richard S. Thompson," to include phone numbers, email addresses, and their current residences.  Finally, Oliver shall explain why numerous filings in the case—filings purportedly sent by Oliver—were sent from locations other than Oliver's present place of incarceration.  *See, e.g.*, Docs. 1-4 (Savannah, GA); 4-2 (Augusta, GA); 6-2

---

[4] Dismissing Oliver's Complaint with prejudice is well within the Court's authority.  "Rule 11(b) of the Federal Rules of Civil Procedure forbids lying in pleadings, motions, and other papers filed with the court," and "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)."  *Zocaras v. Castro*, 465 F.3d 479, 484, 490 (11th Cir. 2006).  Moreover, "Rule 41(b) expressly authorizes the involuntary dismissal of a claim for Plaintiff's failure to abide by … the Federal Rules of Civil Procedure."  *Id.* at 490.

(Savannah, GA); 8-2 (Lithonia, GA).  Failure to comply with this order may result in sanctions including dismissal of this case and a finding of contempt.

Oliver's request for electronic filing privileges (Doc. 4) is **DENIED**.  As the Clerk of Court previously instructed, "[p]risoners may not file electronically in the Middle District of Georgia."  *Oliver v. Nexstar Broad., Inc.*, No. 5:21-cv-361-MTT, Doc. 11 (M.D. Ga. November 11, 2021).  Lastly, Oliver moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Doc. 5.  "Appointment of counsel in a civil case is not a constitutional right."  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).  Rather, "it is a privilege that is justified only by exceptional circumstances."  *Id*.  Oliver's motion (Doc. 5) is **DENIED**.

**SO ORDERED**, this 8th day of June, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-4-