IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-38 (MTT) |
| | ) |
| NAVY FEDERAL FINANCIAL | ) |
| GROUP LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Anthony Oliver has twice alluded, vaguely, to possible grounds for recusal.[1] Under 28 U.S.C. § 455, a justice, judge, or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "Recusal is appropriate only if an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Williams v. Marshall*, 319 F. App'x 764, 768-69 (11th Cir. 2008) (internal quotation marks omitted) (quoting *United States v.*

---

[1] In his response to the Court's June 9, 2022, show cause order, Oliver stated "[o]n any appeal, the plaintiff will be attaching a photo of Judge Treadwell, Manley Brown, and the Plaintiff. The order to show cause is nothing more than retaliation from something that occurred years ago at Walter F. George SOL, and attempts to reveal Plaintiff's identity as a FBI informant for the Atlanta and Macon FBI field office." Doc. 52 ¶ 11. In a separate case, *Oliver v. Nexstar Broad., Inc.*, No. 5:21-cv-361-MTT, John Anderson—an apparent "former attorney" and "friend" of Oliver (Doc. 52 ¶ 1)—emailed the Clerk of Court on Oliver's behalf. In that email, Anderson stated "Mr. Oliver has already been informed what the real reason why he is being treated differently. He is addressing those issues in a motion to disqualify Judge Tremwell [sic] and a copy is being sent to the Senate. Mr. Oliver's mandamus will be filed this week, and I will obtain the $505.00 filing fee. Several years ago, Mr. Oliver attended a seminar at the Walter F. George school of law where Judge Treadwell was also present." Oliver subsequently dismissed that case before any motion to disqualify was filed. *Oliver v. Nexstar Broad., Inc.*, No. 5:21-cv-361-MTT, Doc. 66 at 1 (M.D. Ga. April 18, 2022).

*Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)).  However, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Carter v. West Publ. Co.*, 1999 WL 994997, at *2 (11th Cir. 1999) (alteration in original) (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).  Thus, a judge "should not recuse himself on unsupported, irrational, or highly tenuous speculation," and "Section 455 does not require the judge to accept all allegations by the moving party as true." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (quoting *Phillips v. Joint Legislative Com.*, 637 F.2d 1014 (5th Cir. 1981) (Unit A)).

**If Oliver believes recusal is necessary, he shall file an appropriate motion by July 22, 2022.**  Failure to comply with this order may result in sanctions including dismissal of this case and a finding of contempt.

**SO ORDERED**, this 8th day of July, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT